UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN BETTY YOUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No. 4:15-cv-01029-KAW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND ORDER UNDER FED. R. CIV. P. 59(e)**<br><br>Re: Dkt. No. 23 |

On March 5, 2015, Plaintiff Marian Betty Young filed this lawsuit seeking judicial review of the Commissioner of the Social Security Administration's (the "Commissioner's") final administrative decision denying her disability benefits. On September 27, 2016, the Court granted Plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the case for further proceedings, in which the opinions of Drs. Wilson, Brusatori, and Plaintiff's social worker were to be credited as true. (Order, Dkt. No. 21.) The Court then entered judgment for Plaintiff. (Judgment, Dkt. No. 22.)

On October 25, 2016, the Commissioner filed a motion to alter or amend the September 27 order pursuant to Federal Rule of Civil Procedure 59(e). (Def.'s Mot., Dkt. No. 23.) On November 7, 2016, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 24.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, DENIES the Commissioner's motion to alter or amend the order.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may move to alter or amend an order or judgment where: (1) the district court is presented with newly discovered evidence or evidence

1  that was previously unavailable; (2) the district court committed clear error or the initial decision
2  was manifestly unjust; or (3) there is an intervening change in controlling law. *Turner v.*
3  *Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted).

4  Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality
5  and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890
6  (9th Cir. 2000). "A district court has considerable discretion when considering a motion to amend
7  a judgment under Rule 59(e)." *Turner*, 338 F.3d at 1063.

## II.   DISCUSSION

### A.   Motion to Alter or Amend

On September 27, 2016, the Court remanded the case "to step three to include the limitations identified by Drs. Wilson and B[r]usatori in Plaintiff's residual functional capacity [("RFC")], as their opinions must be taken as true, and to conduct a new administrative hearing to obtain additional vocational expert testimony." (Order at 18.)

Now, the Commissioner seeks to alter or amend the order "remanding this matter to the Commissioner and 'crediting as true' the opinion of two physicians and one social worker" on the grounds that requiring that the opinions of Drs. Brusatori and Wilson, and Plaintiff's social worker be credited as true upon remand is a manifest error of law. (Def.'s Mot. at 1.)

In support of the motion, the Commissioner relies on *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1100-01 (9th Cir. 2014), and *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015), as amended (Feb. 5, 2016), for the proposition that the credit-as-true doctrine is discretionary. (Def.'s Mot. at 3.) While there is some discretion, the cases cited concern the propriety of remanding a case for an immediate award of benefits rather than for further proceedings, which is frequently referred to as the *Varney II* rule. *See Dominguez,* 808 F.3d at 409 (citing *Treichler*, 775 F.3d at 1105); *see also Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)(citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

While the Court recognizes that generally the credit-as-true rule is used to remand for an immediate award of benefits, here, the case was remanded for further proceedings, because the step five determination required consideration of vocational expert testimony regarding a

1  hypothetical that included an RFC with all of Plaintiff's limitations. (*See* Order at 16-18.) Indeed,
2  despite discounting their medical opinions, the ALJ generally agreed with the medical opinions of
3  Drs. Wilson and Brusatori, including Dr. Wilson's diagnosis of PTSD, which went glaringly
4  undiagnosed by the consulting physician whose medical opinion was afforded the greatest weight.
5  (Order at 8-12.) As a result, the Court found that the treating sources' opinions must be credited
6  as true. "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a
7  treating or examining physician, we credit that opinion 'as a matter of law.' " *Harman v. Apfel*,
8  211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).
9  Despite the Commissioner's arguments to the contrary, as other courts in this district have held,
10 *Treichler* and the more recent cases cited, do not alter this analysis. *See Potter v. Colvin*, No. 14-
11 cv-02562-JSC, 2015 WL 3992944, at *5 (N.D. Cal. June 30, 2015); *Page v. Colvin*, No. 14-CV-
12 02870-DMR, 2016 WL 6835075, at *5 (N.D. Cal. Nov. 20, 2016).

13 Furthermore, the ALJ erroneously afforded the greatest weight to Dr. Kiefer, the
14 consulting physician, even though he had no medical records to review, missed two mental
15 impairments the ALJ found significant (PTSD and affective disorder), and had opinions that were
16 not consistent with the other evidence in the record. (Order at 13.) Thus, after crediting the
17 opinions of Drs. Wilson and Brusatori, and Plaintiff's social worker as true, and discounting Dr.
18 Kiefer's opinion, the Court found that the only evidence that needed to be obtained to make a
19 disability determination was new vocational expert testimony to inform the ALJ's analysis at step
20 five. Thus, there is no reason to remand with an "open record." (*See* Def.'s Mot. at 4.)

21 In light of the foregoing, the Court DENIES the Commissioner's motion to amend or alter
22 the September 27, 2016 order.

23 **B.  Scope of Remand**

24 There appears to be some confusion as to the scope of the Court's order for further
25 proceedings. (*See* Def.'s Mot. at 4 n. 3.) To clarify, the Court was instructing the Commissioner
26 to include the limitations identified in Plaintiff's RFC, which occurs between steps three and four
27 of the sequential evaluation. (*See* Order at 18.) Since the ALJ determined that Plaintiff was unable
28 to perform past relevant work with fewer limitations at step four, the ALJ may proceed directly to

step five to obtain vocational expert testimony to determine whether there are positions that exist in significant numbers in the national economy that may be performed by someone with Plaintiff's residual functional capacity. *See id.*

### III.   CONCLUSION

For the reasons set forth above, Defendant's motion to amend the September 27, 2016 order granting Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated: February 2, 2017

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge